TONY WEST
Assistant Attorney General
DAVID KLINE
Director, District Court Section
Office of Immigration Litigation
COLIN A. KISOR
Senior Litigation Counsel
LANA L. VAHAB,
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice - Civil Division
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044-0868
Email: lana.vahab@usdoj.gov
Telephone: (202) 532-4067; FAX: (202) 305-7000

Attorneys for Respondent

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Bartolo Giovanni Vivenzi-De La Cruz, a.k.a. Bartolo Giovanni Vivenzi<br><br>Petitioner/Plaintiff,<br><br>v.<br><br>Eric H. Holder, Jr., Attorney General of the United States<br><br>Respondent/Defendant. | CIV-3:10-CV-01327-CRB |

**JOINT STIPULATION TO THE COURT**[1]

On March 29, 2010, this Court issued a Procedural Order for Immigration Mandamus Cases, classifying the case as falling under Northern District of California General Order No.

---

[1] Petitioner Bartolo Vivenzi-De La Cruz is proceeding *pro se* in this action. The undersigned counsel reached Mr. Vivenzi-De La Cruz on the phone on Sunday May 9, 2010, and discussed with Mr. Vivenzi-De La Cruz the mis-classification of this case under General Order 61. Mr. Vivenzi-De La Cruz said that he understood and agreed to the filing of the stipulation.

61 (Mandamus Cases).[2]  (Dkt 21.)  This case, however, was transferred from the Ninth Circuit Court of Appeals to the district court level under the authority of 8 U.S.C. § 1252(b)(5).[3]  Section 1252(b)(5) is not a statute that allows for mandamus relief and therefore this case appears to be mis-classified.[4]

Section 1252(b)(5)(B) provides that where a petitioner claims to be a national of the United States in a petition for review, a court of appeals may transfer the proceedings to the district court if the court of appeals find that there exists a "genuine issue of material fact about the petitioner's nationality."  8 U.S.C. § 1252(b)(5)(B).

As such, Respondent requests that this Court reclassify the case and issue a new procedural and/or scheduling order.

DATED this 19th day of May, 2010.

        Respectfully submitted,

        TONY WEST
        Assistant Attorney General

        DAVID J. KLINE
        Director, Office of Immigration Litigation
        District Court Section

        COLIN A. KISOR
        Senior Litigation Counsel

        */s/ Lana L. Vahab*
        LANA L. VAHAB

---

[2] On March 29, 2010, the case was still assigned to Magistrate Judge Zimmerman, but on May 11, 2010 the case was reassigned to District Court Judge Breyer.

[3] The Ninth Circuit initially transferred the case to the District of Arizona, but on Petitioner's motion, the District Court of Arizona transferred the case to the Northern District of California where Petitioner resides.  (Dkt 16, 19.)

[4] In fact, the statute provides for declaratory judgment not mandamus relief.  It states that the district court to which the matter is transferred hold a "new hearing on the nationality claim" and issue a decision on that claim "as if an action had been brought in the district court under section 2201 of Title 28.  *See* 8 U.S.C. § 1252(b)(5)(B).  Section 2201, in turn states that ". . .any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."  *See* 28 U.S.C. § 2201(a)

Trial Attorney
District Court Section
Office of Immigration Litigation
U.S. Department of Justice - Civil Division
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044-0868
Email: lana.vahab@usdoj.gov
Telephone: (202) 532-4067
FAX: (202) 305-7000

Attorneys for Defendant

Signed: May 24, 2010



IT IS SO ORDERED
Judge Charles R. Breyer