IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BARTOLO VIVENZI-DE LA CRUZ,

    Petitioner,

v.

ERIC H HOLDER JR,

    Respondent.

No. C 10-01327 CRB

**SECOND ORDER RE: SUPPLEMENTAL BRIEFING**

    Petitioner, although born abroad, claims to be a United States citizen. The law that applies to transferring citizenship to a child born abroad when one parent is a U.S. citizen is the law that was in effect at the time of the child's birth, see Runnett v. Schultz, 901 F.2d 782, 783 (9th Cir. 1990). That law provides:

> A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such persons, has had ten years' residence in the United States or one of its outlying possessions, at least five of which were after attaining the age of sixteen years, the other being an alien: Provided, that in order to retain such citizenship, the child must reside in the United States or its outlying possessions for a period or periods totaling five years between the ages of thirteen and twenty one years old: Provided that further, That, if the child has not taken up residence in the United States or its outlying possessions by the time he reaches the age of sixteen years, or if he resides abroad for such time that it become impossible for him to complete the five years' residence in the United States or its outlying possessions before reaching the age twenty-one years, his American citizenship shall thereupon cease.

8 U.S.C. § 601(g) (emphasis added). Thus, to derive citizenship from his U.S. citizen mother, Petitioner's mother needed to have resided in the United States for ten years before

1 Petitioner's birth, and at least five of those years had to be after she turned sixteen years old.
2 Id.

3 Petitioner's mother testified that she was born on November 11, 1928. MSJ Ex. 6 at
4 15:5-6. She therefore turned sixteen on November 11, 1944. Petitioner's mother testified
5 that she lived in Colombia until September 19, 1945, when she came to the United States to
6 attend high school. See id. at 53:4-7. She further testified that she left the United States and
7 returned to Colombia about a week before her December 20, 1946 wedding there. Id. at
8 54:12-18.

9 Petitioner has submitted a document suggesting that his mother actually came to the
10 United States in 1937. See dckt. no. 52. However, while Petitioner asserts in the cover page
11 attached to those documents (entitled "Argument from Bartolo Vivenzi on Case Management
12 Conference") that "she was in the U.S. more than 10 years prior to my birth in 1952 and 25+
13 years after my birth," id., there appears to be no evidence of this in the record. Accordingly,
14 Petitioner is directed to submit by 5:00 p.m. on Friday, April 8, 2011, any evidence that
15 shows that Petitioner's mother left the United States in some year other than 1946, as was her
16 testimony.

17 **IT IS SO ORDERED.**

19 Dated: April 4, 2011   CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE