IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTOLO VIVENZI-DE LA CRUZ,<br><br>      Plaintiff,<br><br>   v.<br><br>ERIC H HOLDER JR,<br><br>      Defendant. | No. C 10-01327 CRB<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

  The Ninth Circuit has asked this Court to determine whether Petitioner Bartolo Vivenzi-De La Cruz is a United States citizen and thus not subject to removal. The record establishes that Petitioner is not a United States citizen. Accordingly, the Court will grant the government's Motion for Summary Judgment.

**I. BACKGROUND**

  Petitioner Bartolo Giovanni Vivenzi-De La Cruz was born in Colombia on February 9, 1952. MSJ (dkt. no. 39) Ex. 7 at 8:19-22. He was placed in removal proceedings by a Notice to Appear that was served in November 2005. MSJ Ex. 1. In August 2006, an Immigration Judge ("IJ") found him removable from the United States and ineligible for any form of relief. MSJ Ex. 5 at 2. He timely appealed to the Board of Immigration Appeals ("BIA"), arguing that removal proceedings should be terminated because he is a United States citizen. Id. The BIA remanded to the IJ for further fact-finding, and, in October

2008, the IJ issued a new decision holding that Petitioner was not a United States citizen. Id. Petitioner then appealed again, reiterating his citizenship claim, and the BIA dismissed, finding that Petitioner is not a citizen. Id. Petitioner filed a Petition for Review with the Ninth Circuit, asking that it review the BIA's final order of removal. MSJ at 2.

The government filed an unopposed motion to transfer the Petition for Review to district court, per 8 U.S.C. § 1252(b)(5)(B). See dkt. no. 1. The Ninth Circuit transferred this case to the District of Arizona "for the limited purpose of making a de novo determination of petitioner's claim of United States citizenship." Id. The case was subsequently transferred from the District of Arizona to this Court on Petitioner's motion. See dkt. no. 19.

The government then moved for summary judgment, arguing that it had taken the depositions of Petitioner and his mother, and that testimony definitively established that Petitioner is not a citizen. MSJ at 2. Petitioner did not file an Opposition to the Motion. In response to a Notice of Communication filed by Respondent on behalf of Petitioner just four days before the scheduled January 14, 2011 motion hearing, which asserted that Petitioner needed more time to find an attorney, the Court continued the motion hearing by a week. See dkt. nos. 42, 43. At the January 21, 2011 motion hearing, Petitioner appeared without counsel, and the Court again continued the hearing. See dkt. no. 48. At the status conference held on January 28, 2011, Petitioner again appeared without counsel; the Court again continued the case. See dkt. no. 49. At the February 11, 2011 status conference, Petitioner again appeared without counsel; this time, the Court instructed him to file his Opposition by February 18, 2011. See dkt. no. 51. Plaintiff did so. See dkt. no. 52. The Court requested two sets of supplemental briefing, and the parties complied. See dkt. nos. 53, 55, 56, 57, 59.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact issue is "material" only if it could affect the outcome of the suit under the governing law.

2

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n., 809 F.2d 626, 630-31 (9th Cir. 1987).

The burden of proof lies with Petitioner to prove his citizenship. See Berenyi v. Dist. Director, INS, 385 U.S. 630, 637 (1967) ("The burden is on the alien applicant to show his eligibility for citizenship in every respect"). In such cases, "doubts 'should be resolved in favor of the United States and against the claimant.'" Id.

## III. DISCUSSION

Petitioner alleged that he is a U.S. citizen who derived citizenship from his U.S. citizen mother. MSJ Ex. 5 at 3. The law that applies to transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the law that was in effect at the time of the child's birth. See Runnett v. Schultz, 901 F.2d 782, 783 (9th Cir. 1990). That law provides:

> A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such persons, has had ten years' residence in the United States or one of its outlying possessions, at least five of which were after attaining the age of sixteen years, the other being an alien: Provided, that in order to retain such citizenship, the child must reside in the United States or its outlying possessions for a period or periods totaling five years between the ages of thirteen and twenty one years old: Provided that further, That, if the child has not taken up residence in the United States or its outlying possessions by the time he reaches the age of sixteen years, or if he resides abroad for such time that it become impossible for him to complete the five years' residence in the United States or its outlying possessions before reaching the age twenty-one years, his American citizenship shall thereupon cease.

8 U.S.C. § 601(g) (1946) (emphasis added). Thus, for Petitioner's mother to have transmitted citizenship to Petitioner, she was to have resided in the United States for ten

//

//

1 years before Petitioner's birth, and at least five of those years had to be after she turned
2 sixteen years old.  Id.[1]  The evidence establishes that she did not do so.

3     Petitioner's mother testified as follows.  She was born on November 11, 1928.  MSJ
4 Ex. 6 at 15:5-6.  (She therefore turned sixteen on November 11, 1944.)  She lived in
5 Colombia until September 19, 1945, when she came to the United States to attend high
6 school.  See id. at 53:4-7.  She left the United States and returned to Colombia about a week
7 before her December 20, 1946 wedding there.  Id. at 54:12-18.  Following her wedding, she
8 had twelve children.  Id. at 17:3-4.  When her children were young, she stayed with them in
9 Colombia rather than travel to the United States.  Id. at 64:13-14.  After her 1946 wedding in
10 Colombia, she did not return to the United States until Petitioner's wedding in 1972.  Id. at
11 62:7-12; 64:1-15.

12     Petitioner submitted to the Court documentation from the website www.ancestry.com
13 purporting to show that Petitioner's mother arrived in the United States in May of 1937, and
14 not 1945, as was her testimony.  See dkt. no. 52 (unnumbered page).  Even assuming a 1937
15 arrival into the United States, however, Petitioner's mother testified that she left the United
16 States in 1946, MSJ Ex. 6 at 54:12-18, and therefore does not meet the statute's requirement
17 of having resided in the United States for ten years before Petitioner's 1952 birth, see 8
18 U.S.C. § 601(g).  The statute also requires that at least five of the ten years of residency in
19 the United States prior to Petitioner's birth be after turning sixteen.  Id.  Petitioner's mother

---

[1] In his Opposition, Petitioner argued, without reference to any legal authority, that he is a U.S. citizen because his mother and grandmother are both citizens.  See dkt. no. 52.  The Court requested supplemental briefing as to whether any authority supported Petitioner's claim to citizenship as a result of two prior generations of U.S. citizenship.  See dkt. no. 53.  The parties both responded, the government by asserting that no authority supported Petitioner's argument, and Petitioner by citing Runnett v. Schultz, 901 F.2d 782 (9th Cir. 1989) and by reiterating "My grandmother and mother are US citizens; hence, so am I."  See dkt. nos. 55, 56.  Runnett does not support the notion of citizenship by virtue of two prior generations of citizenship.  In that case, a Canadian citizen sought declaratory relief stating that he was a United States citizen; the district court granted judgment for the government, and the Ninth Circuit affirmed, finding that the petitioner's U.S. citizen mother had failed to successfully transmit her citizenship to the petitioner under the same statute at issue here.  Runnett, 901 F.2d at 783-84.  The court held that while there is some authority supporting "constructive residence . . . in citizenship retention cases when the individual was ignorant of his claim to U.S. citizenship," no authority supported applying constructive residence to citizenship transmission cases.  Id. (emphasis added).  Thus, Petitioner has provided no legal support for his argument that he is a U.S. citizen because his mother and grandmother are both citizens, nor does Runnett spare Petitioner from having to meet the residency requirements in the citizenship transmission portion of 8 U.S.C. § 601(g).

4

1 turned sixteen in November 1944, and therefore needed to reside in the United States through
2 November 1949 to satisfy the statute. Again, her testimony was that she left the United
3 States in 1946. MSJ Ex. 6 at 54:12-18.

4     Petitioner has argued, however, although without reference to any evidence, that "she
5 was in the U.S. more than 10 years prior to my birth in 1952 and 25+ years after my birth."
6 See dkt. no. 52 (page entitled "Argument from Bartolo Vivenzi on Case Management
7 Conference"). Concerned about the discrepancy between Petitioner's argument and the
8 evidence, the Court ordered further briefing, asking Petitioner to submit "any evidence that
9 shows that Petitioner's mother left the United States in some year other than in 1946, as was
10 her testimony." See dkt. no. 57. Petitioner filed a response. See dkt. no. 59. In that
11 response, Petitioner asserted in a letter to the Court, "My mother has a passport issued to her
12 in 1996. My mother attended high school here in this country and was here in the country for
13 at least 4 years before she was 16." Id. at 1. He continued, "my mother spent more than 2
14 years in this country prior to my birth and stayed after with the most prolonged years being in
15 70s and 80s and finally applying for a passport in 1996." Id. And he reiterated, "this is a
16 non-issue. She is a U.S. citizen because her mother was born here. . . . As a U.S. citizen she
17 has the right to live internationally." Id.

18     This response does not suffice under the statute. Accepting as true Petitioner's
19 representation that his mother returned to the United States and stayed for prolonged periods
20 of time in the 1970's and 1980's, and that she received a passport in 1996, Petitioner has
21 nonetheless failed to demonstrate that his mother "prior to [Petitioner's] birth . . . , has had
22 ten years' residence in the United States or one of its outlying possessions, at least five of
23 which were after attaining the age of sixteen years." See 8 U.S.C. § 601(g).[2]

---

[2] Petitioner also does not fulfill another requirement of 8 U.S.C. § 601(g)–that he live in the United States for at least five years between the ages of 13 and 21. Petitioner testified in his deposition that he did not come to the United States until September of 1970 to attend college. MSJ Ex. 9 at 49:1-7. At that time he was eighteen years old. See MSJ Ex. 7 at 8:19-22.; see also dkt. no. 52 at 1 ("Upon coming to the U.S. in 1970 at the age of 18. . ."). Petitioner therefore could not have lived in the United States for five years before turning 21. Had Petitioner's mother successfully transmitted citizenship to Petitioner, it is possible that Petitioner could meet this requirement via constructive residence (at a minimum, he would have to show that he was ignorant of his U.S. citizenship, a claim he has not made).

5

Petitioner did not meet the requirements of 8 U.S.C. § 601(g) and therefore did not derive citizenship from his mother.[3]  He is not a United States citizen.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the government's Motion for Summary Judgment.[4]

**IT IS SO ORDERED.**

Dated: April 18, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

See Runnett, 901 F.2d at 784.  But the Court need not reach this issue as Petitioner's mother did not successfully transmit citizenship to Petitioner.

[3] Petitioner apparently acknowledged this in his deposition, stating that he had no evidence that would contradict his mother's testimony and had no reason to believe that she was not telling the truth. See MSJ Ex. 7 at 11:17-12:12.  He concluded, "I understand I don't have no leg to stand on, if I don't have the five years or ten years, I don't have it."  Id. at 13:15-17.

[4] Petitioner also asks the Court to grant his Petition for Alien Relative, filed by his daughter.  See dkt. no. 56.  The Court cannot grant the Petition as it is not before the Court.